**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| MELODY CASNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:18-cv-00113-JCM-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION FOR REMAND [ECF NO. 20], CROSS-MOTION TO AFFIRM [ECF NO. 23] |

This matter involves Plaintiff Melody Casner's appeal from the Commissioner's final decision denying Casner social security benefits. Before the Court are Casner's Motion for Reversal and/or Remand (ECF No. 20) and the Commissioner's Cross-Motion for Summary Judgment (ECF No. 23). For the reasons stated below, the Court recommends granting Casner's motion and denying the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

1

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded that Casner did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 19-1 at 25). The ALJ found Casner suffered from medically determinable severe impairments consisting of degenerative disc disease of the cervical spine and peripheral neuropathy. (*Id.*). The ALJ determined that Casner's impairments did not meet or equal any of the "listed" impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ concluded, without relying on any physician's or expert's report or opinion,[1] that Casner retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except is unable to climb ladders, ropes or scaffolds or balance but frequently climb ramps and stairs, stoop, kneel, crouch and crawl. She is able to occasionally reach with

---

[1] There was an opinion by a single decision maker, but both parties agree that a single decision maker is not an acceptable medical source. (ECF No. 20 at 7-8; ECF No. 23 at 12).

> left upper extremity and frequently reach with right upper extremity. She needs to avoid concentrated exposure to vibration and avoid working around unprotected heights or dangerous moving machinery.

(*Id.* at 26). The ALJ determined Casner is capable of performing past relevant work. (*Id.* at 28).

Casner argues that the ALJ's decision must be remanded because "no state agency physician or other medical expert reviewed Casner's treatment notes" or "examined Casner in person." (ECF No. 20 at 7). Casner asserts that "the ALJ's evaluation of the medical records without the assistance of a treating, examining, or nonexamining physician does not constitute substantial evidence supporting the ALJ's residual functional capacity findings." (*Id.* at 8). In response, the Commissioner argues The ALJ's assessment is support by substantial evidence and "the ALJ is not engaging in a lay interpretation of medical records; rather, he is evaluating records prepared by medical doctors and other clinicians who have reviewed the objective findings." (ECF No. 23 at 11-12).

Though there is no controlling case directly on point, District Courts, including this one, have held that "[a]n ALJ is required to consult with a medical expert in cases where the record is devoid of any analysis of functional capacity by a physician or other expert." *Nemergut v. Astrue*, No. 2:13-cv-0254-GMN-GWF, 2015 WL 1119965, at *16 (D. Nev. Mar. 12, 2015); *see also Mendoza v. Barnhart*, 436 F. Supp. 2d 1110, 1116 (C.D. Cal. 2006) ("[T]he administrative record does not contain any opinion by a treating or examining physician regarding plaintiff's RFC, and the ALJ failed to get such an opinion. Thus, the ALJ also did not fully and fairly develop the record in this regard."); *Benson v. Colvin*, No. CV 13-05529 RZ, 2014 WL 3698284, at *2 (C.D. Cal. July 24, 2014) ("[W]hen the record does not contain a physician's statement as to a claimant's residual functional capacity, it is appropriate—indeed necessary—to consult a medical expert").

There has been no analysis of Casner's RFC by a physician or other expert in this case. While there is medical evidence in the record regarding physicians' examinations of Casner (ECF No. 19-1 at

205-273), these notes do not discuss Casner's RFC.  The physicians generally noted pain and weakness in Casner's spine and arms, but no physician gave an opinion regarding Casner's ability to perform activities relevant to work, such as her ability to climb, stoop, or reach.

The ALJ was required to consult with a medical expert regarding Casner's RFC prior to rendering a decision.  Therefore, the ALJ's decision should be remanded.

ACCORDINGLY,

IT IS RECOMMENDED that Casner's Motion for Reversal and/or Remand (ECF No. 20) be GRANTED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion for Summary Judgment (ECF No. 23) be DENIED.

IT IS SO RECOMMENDED.

DATED this 17th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE